**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JALEN HOLMES,

Plaintiff,

-v- 9:24-CV-660 (AJB/DJS)

A. SHABBIR *et al.*,

Defendants.[1]

**APPEARANCES:** **OF COUNSEL:**

JALEN HOLMES
Plaintiff, Pro Se
22-B-5190
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403

HON. LETITIA JAMES
New York State Attorney General
Attorneys for Defendants
300 South State Street, Suite 300
Syracuse, NY 13202

AIMEE COWAN, ESQ.
Assistant Attorney General

**Hon. Anthony Brindisi, U.S. District Judge:**

**ORDER ON REPORT & RECOMMENDATION**

On May 15, 2024, *pro se* plaintiff Jalen Holmes ("plaintiff"), an individual in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed this 42 U.S.C. § 1983 action alleging that defendants violated his civil rights while he was housed at Upstate Correctional Facility. Dkt. No. 1. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 2, 5.

[1] There was some confusion over the proper spelling of certain defendants' surnames. The Court has adopted Judge Stewart's approach from the latest R&R, which comes with the benefit of discovery.

The matter was initially assigned to Chief U.S. District Judge Brenda K. Sannes, who granted plaintiff's IFP Application and, after an initial review of the pleading, concluded that some of plaintiff's claims should be dismissed with leave to replead but that the following claims required a response: (1) § 1983 Eighth Amendment excessive force claim against defendant Shabbir; and (2) § 1983 Eighth Amendment conditions-of-confinement claims against defendants Huntington, Cardinell, and Fowler. Dkt. No. 8.

Plaintiff filed an amended complaint. Dkt. No. 13. Chief Judge Sannes reviewed the amended pleading and, as before, concluded that the following civil rights claims required a response: (1) § 1983 Eighth Amendment excessive force claim against Shabbir; and (2) § 1983 Eighth Amendment conditions-of-confinement claims against Huntington, Cardinell, and Fowler. Dkt. No. 18.

Thereafter, defendants answered the amended complaint, Dkt. No. 44 (Shabbir, Fowler, Cardinell), Dkt. No. 63 (Huntington), and conducted a period of discovery, *see, e.g.*, Dkt. No. 80. The matter was later reassigned to this Court for all further proceedings but remained referred to Judge Stewart for pre-trial supervision. Dkt. No. 56. Ultimately, defendants moved for summary judgment on November 19, 2025. Dkt. No. 93. The motion was fully briefed. Dkt. Nos. 97, 98.

On August 10, 2026, Judge Stewart advised by Report & Recommendation ("R&R") that defendants' motion be granted in part and denied in part. Dkt. No. 107. There, Judge Stewart determined that plaintiff's § 1983 Eighth Amendment conditions-of-confinement claims against Huntington, Fowler, and Cardinell should be dismissed. *Id.* As Judge Stewart explained, these claims arose from three incidents in which plaintiff was deprived of his mattress and bedding. *Id.* at 10–11.

Judge Stewart found that, even viewed in the light most favorable to plaintiff, these incidents failed to satisfy the elements of an Eighth Amendment violation and, in any event, would be barred by qualified immunity. Dkt. No. 107 at 10–18. However, Judge Stewart concluded that plaintiff's § 1983 Eighth Amendment claim against defendant Shabbir—arising from plaintiff's claim that defendant Shabbir slammed his hand or hands in the cell door on October 13, 2023 following a dispute over plaintiff's meal tray—warranted a trial. Dkt. No. 107 at 6–10.

Defendant has lodged objections. Dkt. Nos. 109, 110. There, defendant objects "to the part where CO Shabbir asked for qualified immunity." Dkt. No. 109; *see also* Dkt. No. 110 (arguing that defendant Shabbir should not receive qualified immunity). But as defendant explains in response, Judge Stewart's R&R does not grant defendant Shabbir qualified immunity. Dkt. No. 111. Thus, after review of the briefing, and upon *de novo* review, the R&R is accepted and will be adopted. *See* 28 U.S.C. § 636(b)(1)(C).

The next step here is a trial on plaintiff's § 1983 claim against defendant Shabbir. Accordingly, the Clerk of the Court will be directed to assign plaintiff *pro bono* counsel for that purpose. However, because this process will likely take several weeks or more, *see* N.D.N.Y. L.R. 83.2, a trial scheduling order will not be issued until after the *pro bono* assignment is made.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 107) is ACCEPTED;

2. Defendants' motion for summary judgment (Dkt. No. 93) is GRANTED in part and DENIED in part;

3. Plaintiff's § 1983 Eighth Amendment conditions-of-confinement claims against Huntington, Cardinell, and Fowler are DISMISSED; and

4. Plaintiff's § 1983 Eighth Amendment excessive force claim against defendant Shabbir REMAINS FOR TRIAL.

The Clerk of the Court is directed to terminate the pending motions, including the letter pending at Dkt. No. 112, and refer this matter to the Court's pro bono panel for the assignment of trial counsel.

**IT IS SO ORDERED.**

Dated: September 15, 2026
Utica, New York.

Anthony J. Brindisi
U.S. District Judge